IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

          **Petitioner,**

   v.                 **CASE NO. 23-3052-JWL**

**KRIS W. KOBACH,**

          **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed by Petitioner and state prisoner Anthony Leroy Davis. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons explained below, the Court will recharacterize this matter as one seeking relief under 28 U.S.C. § 2254, despite the petition being filed on the form for petitions seeking relief under 28 U.S.C. § 2241. As such, it is an unauthorized successive petition for relief and the Court must dismiss this matter for lack of jurisdiction. Because the Court must dismiss the matter, it will deny as moot the motion to appoint counsel (Doc. 3); Petitioner need not comply with the Notice of Deficiency (Doc. 6) issued on February 21, 2023; and there will be no hearing in this matter, contrary to Petitioner's notice of hearing (Doc. 5).

### Background

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 18903, *1 (Kan. Ct.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts authorizes district courts to apply the Rules to habeas petitions not brought under 28 U.S.C. § 2254, such as those brought under 28 U.S.C. § 2241.

1

App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while Petitioner was serving his sentence, he punched a correctional officer. *State v. Davis*, 2019 WL 50904367, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020. In 2017, a jury convicted him of battery of a law enforcement officer and in 2018, the Butler County District Court sentenced him to 65 months in prison. *Id.* at *2.

Petitioner has previously filed habeas corpus actions in this district challenging both his 1989 and 2017 convictions. *See, e.g., Davis v. Schnur*, Case No. 20-3269-SAC, Doc. 46 (D. Kan. June 13, 2022) (denying habeas relief from 2017 conviction sought under 28 U.S.C. § 2254), *cert. of app. denied* Nov. 23, 2022 (10th Cir.); *Davis v. Brownback, et al.*, Case No. 14-cv-3144-SAC-DJ, Doc. 21   (D. Kan. Oct. 13, 2015) (dismissing habeas challenge to 1989 convictions sought under 28 U.S.C. § 2254 and noting previous habeas actions challenging the same), *cert of app. denied* May 9, 2016 (10th Cir.). Petitioner filed the current petition for habeas relief on February 19, 2023, using the form petition for a writ of habeas corpus sought under 28 U.S.C. § 2241. (Doc. 1.) Although he initially indicates on the form that he is challenging pretrial detention, he also identifies the decision or action he is challenging as his 1989 convictions. *Id.* at 3. As relief, Petitioner seeks his immediate release from custody. *Id.* at 9.

## Analysis

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of those Rules authorizes this Court to apply Rule 4 to federal habeas petitions brought under 28 U.S.C. § 2241. The Court has conducted a preliminary review of the petition and finds that despite being filed on the form for petitions seeking relief under § 2241, this matter alleges grounds for relief only actionable under § 2254.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state

prisoner may challenge the execution of his state sentence via a § 2241 petition."). In other words, a petition properly brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

The petition in this matter does not indicate that Petitioner wishes to attack the execution of his sentence. It articulates two grounds for relief, both of which challenge the validity of his 1989 convictions, asserting that his constitutional rights were violated during those proceedings. (Doc. 1, p. 7-8.) The appropriate avenue for a person in custody pursuant to the judgment of a State court to assert in federal court that he "is in custody in violation of the Constitution or laws or treaties of the United States" is 28 U.S.C. § 2254. Thus, Petitioner asserts claims that are properly brought under § 2254, not § 2241.

Generally, the Court is reluctant to independently recharacterize a matter filed under § 2241 as one filed under § 2254. Strict statutory limitations exist regarding second or successive § 2254 claims, including the requirement that before a petitioner may proceed in a second or successive application for habeas corpus relief, he or she must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, a petitioner who unintentionally files a claim that must be brought under § 2254 "may prefer to have his claim dismissed rather than be recharacterized as a § 2254 claim because of the potential consequences with respect to any § 2254 claim he may file in the future." *See Davis v. Roberts*, 425 F.3d 830, 834-35 (10th Cir. 2005). If the Court recharacterizes an action filed under another statute as a § 2254 petition, it may have serious consequences for that petitioner's ability to bring a future § 2254 petition. In most instances, therefore, the Court is reluctant to make that decision without first allowing the petitioner input into the matter.

Here, however, Petitioner is already subject to those restrictions, as this Court has repeatedly informed him. Because any petition alleging constitutional challenges to Petitioner's 1989 convictions and seeking federal habeas relief from those convictions is successive, Petitioner must obtain authorization from the Tenth Circuit before filing the petition in this Court. *See*, *e.g.*,

*Davis v. Schnurr*, 2023 WL 171929, *2-3 (D. Kan. Jan. 12, 2023) (unpublished memorandum and order); *Davis v. Schnurr*, 2022 WL 326167, *4 (D. Kan. Feb. 3, 2022) ("Petitioner has already attempted multiple times to obtain habeas relief from [his 1989] convictions and has been informed that 'this Court lacks jurisdiction over his second and successive § 2254 claims.'"). In other words, the recharacterization of this matter as a habeas petition seeking relief under § 2254 would not improperly deprive Petitioner in the future of the opportunity to seek relief from his 1989 convictions under § 2254 without having to comply with the restrictions on second or successive § 2254 petitions. That opportunity has long since passed.

Thus, this Court will recharacterize Petitioner's current § 2241 petition as a petition for federal habeas relief brought under § 2254. As the cases cited above indicate, this is a successive petition. Before a petitioner may proceed in federal district court on a successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Factors the Court considers when deciding whether a transfer is in the interest of justice include "whether the claim would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)). The claims articulated in the petition currently before this Court are difficult to understand but they do not appear to have merit, nor do they appear timely. Moreover, Petitioner's filing them in this Court without first obtaining the required authorization from the Tenth Circuit lends support to the belief that the claims were not filed in good faith.[2]

---

[2] In an order issued July 15, 2016, this Court noted that in light of his prior litigation, Petitioner "is fully aware that he may only litigate [challenges to his 1989 state court convictions] in a petition under 28 U.S.C. § 2254." *Davis v. Perkins*, 2016 WL 3855552, *3 (D. Kan. Jul 15, 2016) (unpublished memorandum and order). By that point, the Court found, Petitioner was "also fully aware that any Section 2254 petition would be second and successive and may not be filed in this court without preauthorization from the Tenth Circuit Court of Appeals." *Id.*

Thus, the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction over this matter, it will deny the motion to appoint counsel (Doc. 3). The Court further notes that Petitioner has filed a notice of hearing (Doc. 5), but no hearing will occur in this matter.

If Petitioner wishes to pursue the claims brought in this action, he may independently apply to the Tenth Circuit for authorization to proceed with this petition. Instructions and forms for doing so are available in word and pdf format on the Tenth Circuit website, at https://www.ca10.uscourts.gov/forms/all, under the link for "Successive 2244 Form (for section 2254 habeas cases)."

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is recharacterized as a petition under 28 U.S.C. § 2254 that seeks federal habeas relief from Petitioner's 1989 convictions and this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254,

which the Court lacks jurisdiction to consider. Therefore, the motion to appoint counsel (Doc. 3) is **denied as moot** and Petitioner is no longer required to comply with the notice of deficiency (Doc. 6). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 23rd day of February, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge