IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                        **Petitioner,**

      v.                                                                            **CASE NO. 23-3052-JWL**

**KRIS W. KOBACH,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus that was dismissed for lack of jurisdiction on February 23, 2023. (Doc. 7.) As the order of dismissal explained, although Petitioner initiated this matter by filing a form petition for writ of habeas corpus under 28 U.S.C. § 2241, the substance of his claims sought relief available only under 28 U.S.C. § 2254, *i.e.*, release from state custody because the underlying state convictions were unconstitutionally obtained. The Court has previously and repeatedly explained to Petitioner that constitutional challenges to the convictions in question must be brought under § 2254, so the Court recharacterized the instant matter as a petition brought under § 2254. The Court also has previously and repeatedly explained to Petitioner that his § 2254 challenges to these convictions are successive, which means that federal statutes require Petitioner to obtain permission from the Tenth Circuit before he may proceed upon them in this Court. Because Petitioner did not do so, the Court dismissed this matter as an unauthorized successive § 2254 petition over which it lacks jurisdiction. (Doc. 10.)

The matter comes now before the Court on three documents filed by Petitioner on February 27, 2023. (Docs. 9, 10, 11.) The first is entitled "Petitioner's responsive motion, objections, claim for relief." (Doc. 9.) Many of the arguments therein are either incomprehensible or based on

1

factually inaccurate assertions.[1] Liberally construing this document, as is appropriate since Petitioner proceeds pro se, however, it appears to ask the Court to alter or amend the dispositive order issued on February 23, 2023. It asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and it disputes the Court's decision to recharacterize this matter as one seeking relief under § 2254. (Doc. 9, 1-3.) Petitioner does not identify the specific legal authority under which he asks the Court to reconsider its dispositive order, but since he seeks to alter or amend the judgment, the Court liberally construes the document to be a motion under Federal Rule of Civil Procedure 59(e).

The Court may grant a motion to alter or amend judgment under Rule 59(e) only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Servants of the Paraclete*, 294 F.3d at 1012. Even liberally construing the arguments in the motion, Petitioner has not made the required showing for relief under Rule 59(e). Thus, the motion will be denied.

Turning to Petitioner's motions for judicial reassignment for change of venue, the Court reminds Petitioner that this matter is closed. As the Court explained in its previous order, this Court lacks jurisdiction over this matter because it is an unauthorized successive petition under 28 U.S.C. § 2254. (Doc. 7.) Nothing in any of Petitioner's filings currently before the Court persuasively argues that the jurisdictional conclusion was flawed."'[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.'" *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted). Thus, Petitioner's current motions will be denied as moot.[2]

---

[1] For example, Petitioner appears to assert that the dispositive order was filed by Respondent, but that order was issued by the Court. (Doc. 9, p. 1-2.) Petitioner also challenges the authority of a magistrate judge to issue a dispositive order in this matter, but the dispositive order was not issued by a United States Magistrate Judge. *Id.* at 2. Rather, the undersigned, who is a United States District Judge, issued the order. (See Doc. 7, p. 6.)

[2] In addition, the Court notes that even if it had jurisdiction in this matter and could therefore rule on the merits of the

As explained in the order dismissing this matter, if Petitioner wishes to pursue the claims articulated in this matter, he must independently apply to the Tenth Circuit for authorization to do so. (See Doc. 7, p. 5.) If Petitioner wishes to appeal this Court's dismissal of his current petition, he must follow the relevant procedures to do so. The Court advises Petitioner that any future motions filed in this case that concern matters other than the dispositive February 23, 2023 order may be summarily resolved without extensive explanation. The case will remain closed.

**IT IS THEREFORE ORDERED** that the response (Doc. 9) is liberally construed as a motion to alter or amend the judgment and is **denied.**

**IT IS FURTHER ORDERED** that the motion for reassignment (Doc. 10) and motion for change of venue (Doc. 11) are both **denied as moot** because this Court lacks jurisdiction over this matter**.**

**IT IS SO ORDERED.**

DATED:   This 27th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

---

motions, both would fail. First, Petitioner bases both motions on Kansas state statutes, which do not control judicial assignment or venue analysis in this federal court. Second, Petitioner makes only vague allegations of "information" that justifies reassignment to another judge, which is insufficient. *See Lynn v. Cline*, 2019 WL 4194040, *1-2 (D. Kan. Sept. 4, 2019) (identifying legal bases for federal judicial recusal and their requirements). In the motion for change of venue, Petitioner asks that the Court enter an order "transferring venue to Sedgwick County, United States District Court, Kansas." (Doc. 11, p. 1.) A single federal judicial district covers all of Kansas; there is no separate district for each county.